SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 16 2012
J T NOBLIN CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GWEN JOHNSON,

    Plaintiff,

v.

VALENTINE & KEBARTAS, INC.,

    Defendant.

Civil Action No.: 1:12cv152 HSO-RHW

**COMPLAINT**

## PLAINTIFF'S COMPLAINT

Plaintiff, GWEN JOHNSON (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against, Defendant, VALENTINE & KEBARTAS, INC., (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 169*2 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Mississippi, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. § 1391(b)(2)*.

### PARTIES

5. Plaintiff is a natural person residing in Lucedale, George County, Mississippi.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Defendant is a collection agency with a business office in Lawrence, Massachusetts.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant places collection calls to Plaintiff seeking and demanding payment for a debt.

11. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

12. On December 9, 2011, Defendant's representative, "Bernadette", called Plaintiff and left a voicemail message in Plaintiff's answering machine. *See* Exhibit A.

13. In the voicemail message, Defendant's representative, "Bernadette", failed to meaningfully disclose the name of its company. *See* Exhibit A.

14. In the voicemail message, Defendant's representative, "Bernadette", failed to state that the call was from a debt collector. *See* Exhibit A.

15. In the voicemail message, Defendant's representative, "Bernadette," directed Plaintiff to call her back at 978-332-5480, extension 247, which is a number that belongs to Defendant. *See* Exhibit A.

16. On December 12, 2011, Defendant's representative, "Bernadette", called Plaintiff and left a voicemail message in Plaintiff's answering machine. *See* Exhibit B.

17. In the voicemail message, Defendant's representative, "Bernadette", failed to meaningfully disclose the name of its company. *See* Exhibit B.

18. In the voicemail message, Defendant's representative, "Bernadette", failed to state that the call was from a debt collector. *See* Exhibit B.

19. In the voicemail message, Defendant's representative, "Bernadette," directed Plaintiff to call her back at 978-332-5480, extension 247, which is a number that belongs to Defendant. *See* Exhibit B.

20. On December 16, 2011, Defendant's representative, "Bernadette", called Plaintiff and left a voicemail message in Plaintiff's answering machine. *See* Exhibit C.

21. In the voicemail message, Defendant's representative, "Bernadette", failed to meaningfully disclose the name of its company. *See* Exhibit C.

22. In the voicemail message, Defendant's representative, "Bernadette", failed to state that the call was from a debt collector. *See* Exhibit C.

23. In the voicemail message, Defendant's representative, "Bernadette," directed Plaintiff to call her back at 978-332-5480, extension 247, which is a number that belongs to Defendant. *See* Exhibit C.

24. Defendant called Plaintiff's cellular telephone number at XXX-XXX-5044.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

25. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in

connection with the collection of an alleged debt.

b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

c. Defendant violated §1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

d. Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

e. Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, GWEN JOHNSON, respectfully requests judgment be entered against Defendant, VALENTINE & KEBARTAS, INC., for the following:

26. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

28. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: May 11, 2012

By: *Shireen Hormozdi*
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd. Suite 401
Los Angeles, CA 90025
Tel: (323) 988-2400 x 267
Fax: (866) 861-1390
Email: shormozdi@consumerlawcenter.com
Mississippi Bar No. 103799